IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01564-PAB-KAS

JONATHAN SPEGAL, individually and for others similarly situated,

    Plaintiff,

v.

ASPEN GROUP LTD.,

    Defendant.

## MINUTE ORDER

**Entered by Chief Judge Philip A. Brimmer**

    This matter is before the Court on the parties' Joint Motion for Stay Pending Arbitration [Docket No. 12]. The parties state that, "[d]uring the course of his employment, Plaintiff entered an Arbitration Agreement with Aspen Group." *Id.* at 2, ¶ 7 (citation omitted). The parties "do not dispute the validity or enforceability of the Arbitration Agreement." *Id.*, ¶ 8. Moreover, the parties agree that "the scope of the Arbitration Agreement is broad and covers '[a]ll disputes' and 'any claim, dispute, and/or controversy, past, present, or future' between the parties," and specifically includes "the claims asserted by Plaintiff in this lawsuit." *Id.* at 3, ¶ 12 (quoting Docket No. 12-1 at 1). Finally, the parties agree that the arbitration agreement prohibits plaintiff from asserting "any class or collective action claims." *Id.* at 4, ¶ 13 (citing Docket No. 12-1 at 3). Because the parties agree that plaintiff's claims must be arbitrated, they "request that this matter be administratively closed pursuant to D.C.COLO.LCivR 41.2[ ] or stayed indefinitely pending conclusion of the arbitration proceeding." *Id.*, ¶ 14 (citing *Smith v. Spizzirri*, 601 U.S. 472, 478–79 (2024)).

    Administrative closure pursuant to D.C.COLO.LCivR 41.2 may be appropriate when a case would otherwise be stayed for an indefinite amount of time. *See Garcia v. State Farm Mut. Fire & Cas. Co.*, No. 20-cv-02480-PAB-MEH, 2021 WL 4439792, at *6 (D. Colo. Sept. 27, 2021) (ruling that case should be administratively closed pursuant to D.C.COLO.LCivR 41.2 because the appraisal proceedings would last for an indefinite period of time). Administrative closure is "the practical equivalent of a stay." *sPower Dev. Co., LLC v. Colo. Pub. Utilities Comm'n*, No. 17-cv-00683-CMA-NYW, 2018 WL 5996962, at *4 (D. Colo. Nov. 15, 2018) (quoting *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987)).

    Because this case will be stayed for an unknown period of time pending the arbitration, the Court finds good cause to administratively close this case pursuant to

D.C.COLO.LCivR 41.2, subject to being reopened for good cause shown. Either party may move to reopen the case at the end of the arbitration process or for other good cause. Wherefore, it is

**ORDERED** that the Joint Motion to Stay Pending Arbitration [Docket No. 12] is **GRANTED**. It is further

**ORDERED** that this case is administratively closed, pursuant to D.C.COLO.LCivR 41.2, subject to being reopened for good cause shown. It is further

**ORDERED** that the parties shall file a status report with the Court on or before **April 4, 2025**, or within 15 days of completion of the arbitration process, whichever is earlier.

DATED October 21, 2024.